Filed 4/29/15  P. v. Marquez CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>GABRIEL MARQUEZ, JR.,<br><br>　　　Defendant and Appellant. | E062430<br><br>(Super.Ct.No. FSB1403405)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Annemarie G. Pace, Judge.  Affirmed.

Marta I. Stanton, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant, Gabriel Marquez, Jr., plead guilty to receiving a stolen vehicle (Pen. Code, § 496d, subd. (a))[1] and was sentenced to the agreed-to term of two years in prison. In his executed change of plea form he states, "I waive and give up any right to appeal . . . from the conviction and judgment in my case since I am getting the benefit of my plea bargain." Despite this, defendant filed a notice of appeal. In it he stated, "This appeal is based on the sentence or other matters occurring after the plea that do not affect the validity of the plea." Attached to the notice of appeal was a request for a certificate of probable cause, asserting that the crime for which he was convicted had been changed from a felony to a misdemeanor and he was "requesting to be called back to court to have my [conviction, sentence] . . . and record adjusted." The trial court granted defendant a certificate of probable cause.

Upon defendant's request, this court appointed counsel to represent him on appeal. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 [87 S.Ct. 1396, 18 L.Ed. 2d 493], setting forth a statement of the case, a summary of the facts, and potential arguable issues and requesting this court to conduct an independent review of the record. We discuss those issues later in this opinion and conclude that none are meritorious.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

We offered defendant an opportunity to file a personal supplemental brief, but he has not done so. Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no arguable issues.

In her brief before this court, appellate counsel for defendant listed as potential arguable issues whether defendant received the stipulated sentence and whether defendant was properly advised of his constitutional[2] rights. However, because defendant, as part of his plea bargain, waived his right to appeal from the conviction and judgment, we will not address either of these.

Also in her brief, appellate counsel for defendant listed as an additional potential arguable issue "whether *In re Estrada* (1965) 63 Cal.2d 740 [(*Estrada*)] applies to reduce [defendant]'s conviction of . . . [a violation of] Penal Code section 496d, subdivision (a) to a misdemeanor pursuant to Proposition 47." *Estrada* addresses whether when "a criminal statute is amended after the prohibited act is committed, but before final judgment, by mitigating punishment" the pre- or the post-amendment statute governs. (*Estrada* at p. 742.)

Proposition 47, embodied, in part, in section 1170.18, provides, as is pertinent here, "(a) A person currently serving a sentence for a conviction . . . of a felony . . . who would have been guilty of a misdemeanor under the act . . . had this act been in effect at the time of the offense may petition for a recall of sentence . . . to request resentencing in

---

[2] Appellate counsel for defendant refers to these as defendant's "*Boykin/Tahl* rights" but includes no citation to either case in her brief.

accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by this act." Section 496d, subdivision (a), a violation of which defendant stands convicted, is not listed in this provision, nor was it either added nor amended by Proposition 47. Therefore, *Estrada* does not even come into play. Moreover, obtaining a certificate of probable cause in the trial court so one can appeal his or her judgment is not the proper vehicle for obtaining a reduction of one's felony to a misdemeanor even for those crimes, unlike a violation of section 496d, subdivision (a), to which Proposition 47 actually does apply.

### DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

McKINSTER
J.

KING
J.